[Cite as *State v. Davis*, 2012-Ohio-32.]

COURT OF APPEALS
LICKING COUNTY, OHIO
FIFTH APPELLATE DISTRICT

| | |
|---|---|
| STATE OF OHIO | JUDGES:<br>Hon. William B. Hoffman, P.J.<br>Hon. Sheila G. Farmer, J.<br>Hon. Patricia A. Delaney, J. |
|     Plaintiff-Appellee | |
| -vs- | Case No. 09-CA-0019 |
| ROLAND DAVIS | |
|     Defendant-Appellant | O P I N I O N |

CHARACTER OF PROCEEDING:      Appeal from the Court of Common Pleas,
Licking County, Ohio, Case No. 04-CR-464

JUDGMENT:                    Affirmed

DATE OF JUDGMENT ENTRY:      January 4, 2012

APPEARANCES:

For Plaintiff-Appellee              For Defendant-Appellant

KENNETH W. OSWALT           JOSEPH E. WILHELM
LICKING COUNTY PROSECUTOR   ASSISTANT STATE PUBLIC DEFENDER
                              250 E. Broad Street- Suite 1400
BY: KENNETH W. OSWALT        Columbus, Ohio 43215
Licking County Prosecuting Attorney
20 S. Second Street
Fourth Floor
Newark, Ohio 43055

*Hoffman, P.J.*

**(¶1)** Defendant-Appellant Roland Davis appeals the January 30, 2009 Judgment Entry entered by the Licking County Court of Common Pleas denying his request for leave to file a motion for new trial. Plaintiff-Appellee is the State of Ohio.

<u>STATEMENT OF FACTS AND THE CASE</u>

**(¶2)** This appeal stems from the murder of 86-year-old Elizabeth Sheeler by an intruder to her apartment. The intruder murdered Sheeler by stabbing her in the neck and chest. The intruder stole money from the apartment and fled the scene. The murder went unsolved for almost four years. In 2004, DNA testing identified Appellant as the murderer of Sheeler.

**(¶3)** Appellant was indicted on one count of aggravated murder while committing kidnapping, aggravated robbery, or aggravated burglary. Count One contained four death-penalty specifications, to wit: murder for the purpose of escaping detection, apprehension, trial, or punishment, in violation of R.C. 2929.04(A)(3); murder while committing, attempting to commit, or fleeing after committing kidnapping, in violation of R.C. 2929.04(A)(7); murder while committing, attempting to commit, or fleeing after committing aggravated robbery, in violation of R.C. 2929.04(A)(7); and murder while committing, attempting to commit, or fleeing after committing aggravated burglary, in violation of R.C. 2929.04(A)(7).

**(¶4)** Appellant was indicted with four additional counts: Count Two charged Appellant with murder, Count Three charged kidnapping, Count Four charged aggravated robbery, and Count Five charged aggravated burglary. The jury found Appellant guilty of all charges, and he was sentenced to death. For a complete

statement of the underlying facts see, *State v. Davis*, 116 Ohio St.3d 404, 880 N.E.2d 31, 2008-Ohio-2.

**(¶5)** On January 3, 2008, the Ohio Supreme Court upheld Appellant's convictions and his death sentence after independently reviewing his sentence as required by R.C. 2929.05(A). Id. Appellant filed a petition for certiorari with the United States Supreme Court, which was denied on October 6, 2008. *Davis v. Ohio* (2008), ___ U.S. ____, 129 S.Ct. 137.

**(¶6)** Appellant filed a petition for post-conviction relief pursuant to R.C. 2953.21 on June 23, 2006. The State filed an Answer and Motion for Summary Judgment. On July 20, 2006, Appellant filed a Motion for Leave to Amend Post-Conviction Petition, an Amended Post-Conviction Petition, a Motion for DNA Testing, a Motion for Discovery and Evidentiary Hearing, a Motion for Appropriation of Funds for Dr. Robert L. Smith, Clinical Psychologist, and a Reply Opposing the State's Motion for Summary Judgment. The State opposed all of those pleadings. On November 8, 2007 the State filed a Supplemental Motion for Summary Judgment addressing Appellant's Fifteenth and Sixteenth Grounds for Relief. On November 14, Appellant mailed his Response to the State's Supplemental Motion for Summary Judgment; however, on that day, the trial court issued its findings of fact and conclusions of law. Appellant then filed a Motion for New Trial under Civ.R. 59(A). The trial court re-considered its decision in light of Appellant's Response to the State's Supplemental Motion for Summary Judgment and issued its final entry on January 14, 2008, granting the State's motion for summary judgment, thereby dismissing Appellant's post-conviction relief petition.

(¶7)  Appellant timely appealed the decision to this Court.  While that appeal was pending, Appellant filed his motion for leave to file a new trial motion which is the subject of the instant appeal.

(¶8)  We affirmed the trial court's dismissal of Appellant's amended PCR petition on December 23, 2008.  *State v. Davis*, 2008-Ohio-6841.  Thereafter the trial court entered its judgment filed January 30, 2009, denying Appellant's motion for leave to file a new trial motion.  The trial court specifically found Appellant was not unavoidably prevented from discovering the new evidence he attached to his motion.

(¶9)  It is from that judgment entry Appellant prosecutes this appeal, assigning as error:

(¶10)  "I. THE TRIAL COURT VIOLATED APPELLANT'S DUE PROCESS RIGHTS WHEN IT DENIED HIS REQUEST FOR LEAVE TO FILE A NEW TRIAL MOTION.  U.S. CONST. AMEND. XIV."

(¶11)  Appellant maintains he was unavoidably prevented from discovery of evidence attacking the State's use of DNA evidence as required by Crim.R. 33(B) because his trial counsel was ineffective in failing to properly challenge the same.  As such, Appellant argues he "…could not be expected to present evidence of their own ineffectiveness."[1]

(¶12)  Appellant bases his argument upon the affidavit submitted by his DNA expert, Dr. Lawrence Mueller.  While we agree Dr. Mueller's affidavit was "outside the record", as then comprised at the time of his two previous appeals, such fact does

---

[1] Appellant's Brief at pg. 7.

nothing to demonstrate Appellant was unavoidably prevented from discovering it within the applicable time limits of Crim.R. 33.

(¶13) We note Appellant raised a claim of ineffective assistance of counsel as his Sixteenth Ground for Relief in his previously filed PCR petition. Therein, Appellant relied upon the opinion of Attorney Gregory Meyer regarding the deficiencies of the State's DNA evidence. This Court discounted Meyer's affidavit because, although he may have consulted with experts, his opinions as expressed in his affidavit were not those of an expert witness.

(¶14) We agree Dr. Mueller may well qualify as an expert witness and his affidavit is "outside the record" as to issues previously raised and addressed by this Court in the two previous appeals. However, that does not bear upon, let alone demonstrate, Appellant was unavoidably prevented from seeking or obtaining Dr. Mueller's testimony within the time parameters of Crim.R. 33.

(¶15) As accurately stated by the trial court in its entry, while Appellant's trial counsel's ineffectiveness may or may not be grounds for a new trial, it does not demonstrate Appellant was unavoidably prevented from procuring Dr. Mueller's testimony in the 120 days after the trial. Likewise, as noted by the trial court, the fact Appellant could not raise his instant ineffective assistance claim based upon Dr. Mueller's affidavit in his previous motions and/or appeals, does not demonstrate he was unavoidably prevented from timely discovering such evidence. As pointed out by the trial court, Dr. Mueller's affidavit shows most, if not all, of the sources and studies he cites to support his statistical contentions were available at the time Appellant was convicted.

**(¶16)** We find the trial court correctly determined Appellant's motion for new trial was untimely, and properly denied his request for a finding he was unavoidably prevented from discovering the new evidence upon which he relies.

**(¶17)** Appellant's assignment of error is overruled.

**(¶18)** The judgment of the trial court is affirmed.

By: Hoffman, P.J.

Farmer, J. and

Delaney, J. concur

s/ William B. Hoffman_____
HON. WILLIAM B. HOFFMAN


s/ Sheila G. Farmer_____
HON. SHEILA G. FARMER


s/ Patricia A. Delaney_____
HON. PATRICIA A. DELANEY

IN THE COURT OF APPEALS FOR LICKING COUNTY, OHIO
FIFTH APPELLATE DISTRICT

STATE OF OHIO                          :
                                       :
    Plaintiff-Appellee             :
                                       :
-vs-                                   :            JUDGMENT ENTRY
                                       :
ROLAND DAVIS                           :
                                       :
    Defendant-Appellant            :            Case No. 09-CA-0019


For the reasons set forth in our accompanying Opinion, the January 30, 2009

Judgment Entry entered by the Licking County Court of Common Pleas Court is

affirmed.  Costs assessed to Appellant.


                        s/ William B. Hoffman
                        HON. WILLIAM B. HOFFMAN


                        s/ Sheila G. Farmer
                        HON. SHEILA G. FARMER


                        s/ Patricia A. Delaney
                        HON. PATRICIA A. DELANEY