[Cite as *State v. Lacey*, 2012-Ohio-1697.]

STATE OF OHIO, MAHONING COUNTY

IN THE COURT OF APPEALS

SEVENTH DISTRICT

| | | |
|---|---|---|
| STATE OF OHIO, | ) | |
| | ) | CASE NO. 11 MA 68 |
| PLAINTIFF-APPELLEE, | ) | |
| | ) | |
| - VS - | ) | OPINION |
| | ) | |
| CHRISTOPHER LACEY, | ) | |
| | ) | |
| DEFENDANT-APPELLANT. | ) | |

CHARACTER OF PROCEEDINGS:          Criminal Appeal from Common Pleas
                                   Court, Case No. 09 CR 1150.

JUDGMENT:                          Affirmed.

APPEARANCES:
For Plaintiff-Appellee:            Attorney Paul J. Gains
                                   Prosecuting Attorney
                                   Attorney Ralph M. Rivera
                                   Assistant Prosecuting Attorney
                                   21 W. Boardman St., 6th Floor
                                   Youngstown, OH  44503


For Defendant-Appellant:           Attorney Rhys Cartwright-Jones
                                   42 N. Phelps Street
                                   Youngstown, OH  44503-1130




JUDGES:
Hon. Mary DeGenaro
Hon. Cheryl L. Waite
Hon. Joseph J. Vukovich


                                   Dated:  March 29, 2012

DeGenaro, J.

{¶1} Defendant-Appellant, Christopher Lacey, appeals the April 27, 2011 decision of the Mahoning County Court of Common Pleas dismissing Lacey's post-conviction petition without an evidentiary hearing and upon the State's motion for summary judgment. Lacey asserts two arguments, first, that the State failed to disclose impeachment evidence to the defense in violation of *Brady v. Maryland*. Second, trial counsel was ineffective for failing to fully investigate and discover this impeachment evidence.

{¶2} Lacey's arguments are meritless. First, no *Brady* violation occurred. The prosecutor had no duty to learn of evidence possessed by a police department that was not involved in the investigation of the State's case and the evidence was a public record that Lacey could have obtained on his own. Moreover, the evidence that Lacey challenges is not material. Second, counsel was not ineffective. Lacey failed to prove that his counsel actually failed to investigate or that this alleged failure prejudiced him. Accordingly, the judgment of the trial court is affirmed.

## Facts and Procedural History

{¶3} In May, 2010 a jury found Lacey guilty of felonious assault (R.C. 2903.11(A)(2)(D)), a second-degree felony, with a R.C. 2941.145(A) firearm specification. In a June 24, 2010 judgment entry, the trial court sentenced Lacey to a three-year non-mandatory term of incarceration for the felonious assault conviction and a three-year mandatory consecutive term on the firearm specification, for an aggregate six year sentence.

{¶4} The facts underlying the conviction involve a drug transaction between Lacey and the victim, Gary Robbins. At trial Robbins admitted to being a recovering addict and convicted felon. Robbins purchased drugs from Lacey, and in exchange, Robbins gave Lacey the use of a vehicle. When Robbins believed Lacey had used the vehicle long enough, he asked for the keys back and Lacey refused. Robbins then took the keys back and drove away with his vehicle. Lacey followed, and shot Robbins. There was also evidence at trial that Lacey intimidated Robbins into executing an affidavit retracting his identification of Lacey as the person who shot him. Lacey challenged that

allegation by putting on evidence that he was home at the time Robbins was at the offices of Lacey's defense counsel drafting and signing the affidavit.

{¶5} Lacey filed a direct appeal arguing: 1) ineffective assistance of counsel for failing to challenge evidentiary error; 2) insufficiency and manifest weight; 3) a *Batson* violation; and 4) cumulative error. *State v. Lacey*, 7th Dist. No. 10MA122.

{¶6} On March 24, 2011, Lacey filed a timely petition for post-conviction relief, alleging that the State failed to disclose impeachment evidence in violation of *Brady v. Maryland* (1963), 373 U.S. 83, 83 S.Ct. 1194 and *Kyles v. Whitley* (1995), 514 U.S. 419, 115 S.Ct. 1555. Lacey asserted that Robbins lied during direct examination when the State asked him whether a gun was involved in the robbery for which Robbins was previously convicted. Lacey claimed that an undisclosed police incident report from Liberty Township relative to this robbery revealed that a gun was involved in the robbery. Lacey attached this police report to his post-conviction petition.

{¶7} The State filed a motion for summary judgment arguing it was not required to disclose the Liberty Township police report because it neither knew about nor possessed the police report. Further, because the police report was in the possession of another government agency that had no involvement in Lacey's case, it did not have an obligation to find and disclose this report. Finally, it did not violate *Brady* because the police report is a public record and was available to the defense through the exercise of reasonable diligence. The State attached the indictment, guilty plea, and entry of sentence relative to Robbins's robbery conviction.

{¶8} Lacey opposed the State's summary judgment motion and sought leave to assert an additional basis for post-conviction relief; specifically, ineffective assistance of counsel in response to the State's argument that defense counsel could have discovered the police report through "reasonable diligence" because it is a public record.

{¶9} The trial court granted summary judgment and denied Lacey's petition for post-conviction relief, finding in pertinent part:

{¶10} "4. During the trial, the witness/victim, Mr. Robbins, was questioned by the prosecutor about his criminal history by the prosecutor. A review of the transcript shows

that defense counsel chose not to question the witness further about his prior criminal record.

{¶11} "5. The Court finds that the scope of cross-examination may be a trial strategy tactic and that since it was exposed on direct examination the failure to pursue it further did not impose upon Defendant's Constitutional rights.

{¶12} "6. The Court further finds that Defendant failed to demonstrate in his petition or present any substantive evidence that the outcome of the trial would have been different if defense counsel would have further inquired into Mr. Robbins criminal history."

## Denial of Petition for Post-Conviction Relief

{¶13} In his sole assignment of error, Lacey asserts:

{¶14} "The trial Court Abused it's Discretion in Denying Mr. Lacey's Postconviction Issue for Review."

{¶15} R.C. 2953.21(A)(1)(a) allows a person convicted of a criminal offense to petition the court that imposed the sentence for appropriate relief for a violation of his or her constitutional rights. But post-conviction relief is a narrow remedy. *State v. Steffen* (1994), 70 Ohio St.3d 399, 410, 639 N.E.2d 67. Because it is a civil action that collaterally attacks a criminal judgment, res judicata bars any claim that was or could have been raised at trial or on direct appeal. *Id.* State post-conviction review is not a constitutionally protected right, so the petitioner only receives those rights conferred by statute during post-conviction proceedings. *Id.*

{¶16} A defendant petitioning for post-conviction relief is not automatically entitled to a hearing. *State v. Cole* (1982), 2 Ohio St.3d 112, 113, 443 N.E.2d 169. "Before granting a hearing on a petition [for post-conviction relief], the court shall determine whether there are substantive grounds for relief." R.C. 2953.21(C). A trial court is not required to hold an evidentiary hearing if "the files and records of the case show the petitioner is not entitled to relief." R.C. 2953.21(E). "[A] trial court properly denies a defendant's petition for post-conviction relief without holding an evidentiary hearing where the petition, the supporting affidavits, the documentary evidence, the files, and the

records do not demonstrate that petitioner set forth sufficient operative facts to establish substantive grounds for relief." *State v. Calhoun* (1999), 86 Ohio St.3d 279, 714 N.E.2d 905, paragraph two of the syllabus. "This standard is not met by evidence that is, 'only marginally significant and does not advance the petitioner's claim beyond mere hypothesis and a desire for further discovery.'" *State v. Green*, 7th Dist. No. 02 CA 35, 2003-Ohio-5142, at ¶25, quoting *State v. Lawson* (1995), 103 Ohio App.3d 307, 315, 659 N.E.2d 362.

**{¶17}** We will apply an abuse of discretion standard of review. Although there is disagreement among Ohio appellate districts regarding the standard of review to apply, see *State v. Hicks*, 4th Dist. No. 09CA15, 2010-Ohio-89, at ¶9-11 (citing cases; noting that the majority of districts apply an abuse of discretion review), in *State v. West*, 7th Dist. No. 07 JE 26, 2009-Ohio-3347, this court, albeit without any discussion of the inter-district split, recently applied abuse of discretion review to a trial court's dismissal of a post-conviction petition upon the state's summary judgment motion without a hearing. Id. at ¶12, 22, 37. An " 'abuse of discretion' connotes more than an error of law or judgment; it implies that the court's attitude is unreasonable, arbitrary, or unconscionable." *State v. Adams* (1980), 62 Ohio St.2d 151, 157, 404 N.E.2d 144.

**{¶18}** Lacey raises two arguments; first, the State failed to disclose the Liberty Township police report to the defense in violation of *Brady* and *Kyles*. Second, trial counsel was ineffective in failing to discover this police report. Specifically, he asserts that the defense could have used the information in the police report as impeachment evidence because the report shows that Robbins lied during direct-examination when the State asked him if a gun was involved in his robbery conviction. Lacey points to the following exchange between the State and Robbins:

**{¶19}** "Q: And you had a robbery conviction?

**{¶20}** "A: Yes.

**{¶21}** "Q: And the robbery, did that involve a gun in any way?

**{¶22}** "A: No shape or form or fashion. It was a robbery of a vehicle."

**{¶23}** The Liberty Township Police Department incident report Lacey attached to

his post-conviction petition states that the police officer encountered Robbins attempting to break into a vehicle at a residence. Robbins fled and the officer pursued him through the rear yard and into the woods. The officer grabbed Robbins and a scuffle ensued during which the officer sustained a gunshot wound to the arm. The State attached the indictment, guilty plea, and sentencing entry from this incident to its motion for summary judgment.

**{¶24}** The State argues that Robbins did not lie on the stand because the prosecutor's question specifically referred to Robbins's robbery conviction, which did not involve a weapon. Robbins was not asked about any other offense he was charged with, including assault on a peace officer, nor about any offense that was later dismissed pursuant to his plea agreement. Robbins was indicted for robbery with a repeat violent offender specification, assault on a peace officer, aggravated robbery with a repeat violent offender specification, and breaking and entering. The aggravated robbery count provided that Robbins "did knowingly remove or attempt to remove a deadly weapon from the person of a law enforcement officer, or did knowingly deprive or attempt to deprive a law enforcement officer of a deadly weapon * * *." Robbins pled guilty to robbery, assault on a peace officer, and breaking and entering, and the plea agreement provided that the State would nolle the aggravated robbery count at sentencing.

**{¶25}** Robbins did lie on the stand when he testified that a gun was not involved. The police officer's gun was involved in the commission of the robbery; the officer was shot while Robbins was fleeing from a theft attempt. This evidence could have been used as impeachment evidence by the defense to undermine Robbins's credibility.

**{¶26}** We must next resolve whether the State's failure to disclose this evidence was in violation of *Brady* and *Kyles*. In *Brady*, the United States Supreme Court held "the suppression by the prosecution of evidence favorable to an accused upon request violates due process where the evidence is material either to guilt or to punishment, irrespective of the good faith or bad faith of the prosecution." *Id.* at 87. The *Brady* rule controls exculpatory and impeachment evidence. *Strickler v. Greene* (1999), 527 U.S. 263, 280, 119 S.Ct. 1936. "In determining materiality, the relevant question 'is not

whether the defendant would more likely than not have received a different verdict with the evidence, but whether in its absence he received a fair trial, understood as a trial resulting in a verdict worthy of confidence.'" *State v. Brown*, 186 Ohio App.3d 309, 927 N.E.2d 1133, 2010-Ohio-405, at ¶36, quoting *Kyles* at 434.

**{¶27}** "A successful Brady claim requires a three-part showing: (1) that the evidence in question is favorable; (2) that the state suppressed the relevant evidence, either purposefully or inadvertently; (3) and that the state's actions resulted in prejudice." *State v. Davis*, 5th Dist. No. 2008-CA-16, 2008-Ohio-6841, at ¶53, citing *Strickler* at 281-282.

**{¶28}** In *Kyles*, the United States Supreme Court held that the prosecutor has "a duty to learn of any favorable evidence known to the others acting on the government's behalf in the case, including the police." *Id.* at 437. "The *Brady* obligation thus extends to information held by state or local agencies involved in the investigation or prosecution at issue." *State v. Sanders* (2001), 92 Ohio St.3d 245, 261, 750 N.E.2d 90.

**{¶29}** Lacey relies on *Kyles* to argue that the State had a duty to disclose evidence regarding a gun being involved in Robbins's robbery even though the prosecutor did not possess this evidence. This case presents a different situation; the incident report came from the Liberty Township police department in neighboring Trumbull County. Lacey's case was based upon events occurring in Youngstown, located in Mahoning County, and tried in that common pleas court. There is no indication that the prosecutor knew about the evidence or that the Liberty Township police department was involved in the investigation or prosecution of this case. Moreover, "*Brady* and its prodigy do not 'impos[e] a duty on the prosecutor's office to learn of information possessed by other government agencies that have no involvement in the investigation or prosecution at issue.'" *Goff v. Bagley* (C.A.6, 2010), 601 F.3d 445, 476, citing *United States v. Morris* (C.A.7, 1996), 80 F.3d 1151, 1169. Lacey attempts to distinguish his case by arguing that Liberty Township borders Youngstown and it would involve very little investigation by the State to discover the police report; but cites to no case law supporting this theory.

**{¶30}** Furthermore, in cases where the evidence at issue was a matter of public

record, Ohio courts have held that *Brady* did not require the State to disclose the evidence. See *State v. Stoutamire*, 11th Dist. No. 2008-T-0108, 2009-Ohio-6228, at ¶37; *State v. Davis*, 5th Dist. No. 2008-CA-16, 2008-Ohio-6841, at ¶56-57; *State v. Ross*, 9th Dist. No. 23028, 2006-Ohio-4352, at ¶27-28. Moreover, "[e]vidence de hors the record must be more than evidence which was in existence and available to the defendant at the time of trial and which could and should have been submitted at trial if the defendant wished to make use of it." *Stoutamire* at ¶37, quoting *State v. Vinson*, 11th Dist. No. 2007-L-088, 2008-Ohio-3059, at ¶37. For example, in *Davis*, the defendant claimed that the state withheld impeachment evidence regarding a prosecution witness's probation violation. *Id.* at ¶49. The Fifth District held that "[a] *Brady* violation did not occur in the case at bar because the records concerning Hummel's charges and probation violation were publicly available and appellant could have obtained access to them." *Id.* at ¶57.

{¶31} The State argues and Lacey concedes that the police incident report was a public record. The indictment and guilty plea, which showed that Robbins was originally indicted for aggravated robbery involving a peace officer's weapon and that charge was then dismissed, were also publicly available. Like the defendant in *Davis*, Lacey could have obtained access to the evidence that a gun was involved in Robbins's robbery.

{¶32} Because the evidence was public record and the State did not have a duty to discover evidence in the possession of a police department which had no involvement in the investigation, the State did not suppress the evidence at issue. Therefore, no *Brady* violation occurred.

{¶33} Moreover, the evidence was not material. The trial court found that Lacey "failed to demonstrate in his petition or present any substantive evidence that the outcome of the trial would have been different if defense counsel would have further inquired into Mr. Robbins criminal history." The trial court's findings address the ineffective assistance of counsel claim under *Strickland*. However, the standards of materiality in *Brady* and prejudice in *Strickland* are similar. *Hutchison v. Bell* (C.A.6, 2002), 303 F.3d 720, 749, 2002 Fed.App. 0292P. Because the trial court found that Lacey suffered no prejudice from his counsel failing to cross-examine Robbins further on

his criminal history, the trial court similarly found that the evidence was not material.

{¶34} Even though defense counsel did not impeach Robbins regarding his lie about the gun involved in the robbery, Robbins's credibility had already been questioned. Robbins testified on direct examination that he had several felony convictions and admitted that he had a history of drug abuse. Defense counsel extensively cross-examined Robbins about inconsistencies in his testimony, including that he did not tell the detective investigating the case about the agreement to exchange the vehicle for drugs. Moreover, Robbins's lie involved a matter from his past that was not directly related to the shooting or to the question of whether Lacey was the individual who shot Robbins.

{¶35} Lacey is correct that his conviction was based solely on Robbins's testimony, which makes the question of the evidence's materiality a closer issue. However, considering that Robbins's credibility had already been attacked and his lie concerned a secondary matter, the evidence from the police report would not reasonably undermine confidence in the verdict. Accordingly, the State's failure to disclose the police report did not violate *Brady*.

{¶36} Lacey next argues that his trial counsel rendered ineffective assistance, which the State argues Lacey has waived since he failed to raise this issue before the trial court. Although Lacey did not raise this claim in his original petition, in response to the State's motion for summary judgment, Lacey opposed the motion, and sought leave to plead ineffective assistance of counsel. The trial court never ruled on this motion but addressed the claim of ineffective assistance of counsel in its judgment entry. The Second District held that in post-conviction proceedings, "a motion for summary judgment that the state files is not a responsive pleading that cuts off a petitioner's right to amend his petition pursuant to Civ.R. 15(A) and R.C. 2953.21(F)." *State v. Wilkins* (1998), 127 Ohio App.3d 306, 311, 712 N.E.2d 1255. Therefore, Lacey had the right to amend his pleadings as a matter of course and did not need to seek leave to amend. Thus, Lacey is not barred from arguing ineffective assistance of counsel on appeal, especially since the trial court did address the issue.

{¶37} To prove a claim of ineffective assistance of counsel, the appellant must

satisfy a two-pronged test.  First, the appellant must establish that counsel's performance fell below an objective standard of reasonable representation.  *Strickland v. Washington* (1984), 466 U.S. 668, 687, 104 S.Ct. 2052, 80 L.Ed.2d 674; *State v. Bradley* (1989), 42 Ohio St.3d 136, 538 N.E.2d 373, paragraph two of the syllabus.  Second, the appellant must demonstrate that he was prejudiced by counsel's performance.  *Id.*  To show that he has been prejudiced by counsel's deficient performance, the appellant must prove that, but for counsel's errors, the result of the proceedings would have been different.  *Bradley* at paragraph three of the syllabus.

{¶38}  The appellant bears the burden of proving counsel's alleged ineffectiveness, since the law of Ohio presumes that a licensed attorney is competent.  *State v. Calhoun* (1999), 86 Ohio St.3d 279, 289, 714 N.E.2d 905.  If an appellant cannot show how counsel's errors undermined the reliability of the court's decision, there is no basis for finding that appellant's right to counsel had been violated.  *State v. Hancock,* 108 Ohio St.3d 57, 2006-Ohio-160, 840 N.E.2d 1032, at ¶109; *Strickland* at 693.

{¶39}  Lacey specifically argues that trial counsel was ineffective for failing to discover the police report.  He asserts that this was a public record, and his counsel failed to fully investigate Robbins's criminal record in order to make an informed decision whether to introduce evidence.

{¶40}  "It is axiomatic that effective representation of a client carries with it a burden to investigate. ' * * * [C]ounsel has a duty to make reasonable investigations or to make a reasonable decision that makes particular investigations unnecessary.  In any ineffectiveness case, a particular decision not to investigate must be directly assessed for reasonableness in all the circumstances, applying a heavy measure of deference to counsel's judgments.'"  *State v. Bradley* (1989), 42 Ohio St.3d 136, 146, 538 N.E.2d 373, citing *Strickland* at 691.

{¶41}  Lacey has presented no evidence regarding whether his trial counsel investigated Robbins's criminal record.  The burden of proof lies with Lacey, and an appellate court will not infer failure to investigate from a silent record.  See *State v. Murphy* (2001), 91 Ohio St.3d 516, 542, 747 N.E.2d 765.  Lacey attached the police

report to his petition to show that Robbins's robbery did involve a gun; but this is not evidence of whether or not trial counsel was aware of the police report. Simply because counsel did not cross-examine Robbins on this discrepancy does not mean that counsel did not fully investigate or was not aware of the police report. Counsel cross-examined Robbins extensively during the trial on inconsistencies in his testimony, and the choice to challenge Robbins's credibility through other means than the police report could have been trial strategy. Furthermore, even if Lacey's counsel was deficient in failing to discover the police report, Lacey cannot shown he was prejudiced; this evidence was not material.

**{¶42}** Therefore, the trial court did not abuse its discretion in denying Lacey's post-conviction petition. Accordingly, the judgment of the trial court is affirmed.

**{¶43}** In sum, Lacey's arguments are meritless. No *Brady* violation occurred because the evidence was not material and the State had no duty to learn of evidence in the possession of another government agency not involved in the case. Lacey failed to support his allegation that trial counsel failed to investigate and discover the police report, or that he suffered prejudice; therefore, his ineffective assistance claim is meritless. Accordingly, the judgment of the trial court is affirmed.

Waite, P.J., concurs in judgment only.

Vukovich, J., concurs.