[Cite as *State v. Pitts*, 2025-Ohio-2263.]

IN THE COURT OF APPEALS OF OHIO
SIXTH APPELLATE DISTRICT
OTTAWA COUNTY

State of Ohio                                      Court of Appeals No.  OT-24-043

    Appellee                                   Trial Court No.  20 CR 014

v.

Jeremiah Pitts                                 **DECISION AND JUDGMENT**

    Appellant                                  Decided:  June 27, 2025

* * * * *

Jeremiah Pitts, pro se.

* * * * *

**MAYLE, J.**

{¶ 1} The defendant-appellant, Jeremiah J. Pitts, appeals the October 9, 2024 judgment of the Ottawa County Court of Common Pleas that denied his motion for leave to file a delayed motion for a new trial.  For the reasons that follow, we affirm.

**I.  Background**

{¶ 2} Following a jury trial in 2021, Pitts was convicted of involuntary manslaughter and corrupting another with drugs for his role in M.M.'s accidental overdose and death.   The trial court sentenced Pitts to a minimum term of 10 years to a maximum term of 15 years in prison.

{¶ 3} On appeal, Pitts argued that his conviction was against the manifest weight of the evidence. We disagreed and affirmed his conviction. In our decision, we detailed the evidence against him, including "back and forth messages" between the victim and Pitts regarding Pitts "getting drugs" for the victim; video evidence of Pitts's truck "driving to [the victim's] residence" at the time of the alleged drug deal; and testimony from Pitts's former girlfriend, M.H., who witnessed Pitts and the victim exchange a "folded piece of paper" for money prior to the victim's death, which M.H. testified "was consistent with the manner in which opiates were packaged." *State v. Pitts,* 2022-Ohio-643, ¶ 23 (6th Dist.), *appeal declined,* 2022-Ohio-2047. As for Pitts's claim—that it was M.H., and not him, who supplied the victim with drugs—we noted that the jury was instructed that Pitts could be found guilty as either the principal offender or as a complicitor. Therefore, "[e]ven if it was [M.H.] who actually gave [the victim] drugs that killed her, there is sufficient evidence in the record to support a finding that [Pitts] was complicit. One who is complicit in the commission of an offense can be charged and punished as a principal offender. R.C. 2923.03(F)." *Id.* at ¶ 23. Pitts appealed our decision, but the Ohio Supreme Court declined to accept jurisdiction on June 21, 2022. *Id.*

{¶ 4} In November of 2022, Pitts filed a motion for leave to file a motion for a new trial based upon newly discovered evidence. Pitts failed to identify any new evidence, but he argued that a new trial was warranted because "but for the perjured testimony of [M.H.], the [S]tate failed to establish the essential elements of the charged offenses beyond a reasonable doubt." The trial court denied Pitts's motion, and Pitts

2.

appealed. We dismissed the appeal as untimely on June 23, 2023. *State v. Pitts,* 6th Dist. No. OT-23-018 (June 23, 2023).

{¶ 5} Currently on appeal is Pitts's "motion for leave to file delayed motion for new trial based upon newly discovered evidence." The newly-discovered evidence consists of five police reports, from the Toledo Police Department ("TPD") in Lucas County, Ohio, that Pitts argues "would [have] been significant" at trial as impeachment evidence against M.H. Pitts claims that the reports show that M.H. "continued in a destructive lifestyle even after the sad death of the Victim," by being "present when multiple overdoses occurred. . . that required emergency medical assistance and [the administration of] Narcan." Pitts claims that he was unavoidably prevented from discovering the police reports because "the prosecution suppressed" them and because he was "limited by incarceration, funds, or contacts" from obtaining such evidence. Pitts claims that he first learned of the reports in December of 2023 when they were "read over the phone [to him]." Pitts filed his motion for leave on February 5, 2024. Of the 200 pages of documents attached to Pitts's motion, the TPD reports account for 39 of those pages, which he labeled as Ex. B1-B39.

{¶ 6} On October 9, 2024, the trial court denied Pitt's motion for leave. Pitts appealed. He assigns a single assignment of error for our review:

> ASSIGNMENT OF ERROR No. 1: The trial court erred and abused its discretion in denying Appellant's *Motion for Leave to File Delayed Motion for New Trial Based Upon Newly Discovered Evidence* where he showed he was unavoidably prevented from discovering material evidence, and without holding an evidentiary hearing when good cause was shown.

3.

## II. Law and Analysis

**{¶ 7}** Pitts seeks a new trial pursuant to Crim.R. 33(A)(6), which provides that, "[a] new trial may be granted on motion of the defendant for any of the following causes affecting materially the defendant's substantial rights: . . . (6) When new evidence material to the defense is discovered which the defendant could not with reasonable diligence have discovered and produced at the trial."

**{¶ 8}** Generally, a defendant must file a motion for a new trial based on newly discovered evidence within 120 days after the jury verdict was rendered. *State v. Hatton*, 2022-Ohio-3991, ¶ 27, citing Crim.R. 33(B). However, a defendant may file an untimely motion for a new trial based on newly discovered evidence if the defendant first establishes by clear and convincing evidence that he was unavoidably prevented from discovering the evidence during the 120-day period. *Id.* at ¶ 28, citing Crim.R. 33(B). "[A] party is unavoidably prevented from filing a motion for new trial if the party had no knowledge of the existence of the ground supporting the motion for new trial and could not have learned of the existence of that ground within the time prescribed for filing the motion for new trial in the exercise of reasonable diligence." *State v. Sandoval*, 2014-Ohio-4972, ¶ 13 (6th Dist.), quoting *State v. Walden*, 19 Ohio App.3d 141, 145-146 (10th Dist.1984). "A defendant is entitled to a hearing on his motion for leave if he submits 'documents that on their face support his claim that he was unavoidably prevented from timely discovering the evidence' at issue." *State v. Clyde*, 2019-Ohio-302, ¶ 13-14 (6th Dist.), quoting *State v. Gray,* 2010-Ohio-5842, ¶ 20.

4.

{¶ 9} "When a defendant seeks leave to file a motion for a new trial under Crim.R. 33(B), the trial court may not consider the merits of the proposed motion for a new trial until after it grants the motion for leave." *Id.* at ¶ 30. "The sole question before the trial court when considering whether to grant leave is whether the defendant has established by clear and convincing proof that he was unavoidably prevented from discovering the evidence on which he seeks to base the motion for a new trial." *Id.* at ¶ 30. "Clear and convincing evidence is 'that measure or degree of proof which is more than a mere "preponderance of the evidence," but not to the extent of such certainty as is required "beyond a reasonable doubt" in criminal cases, and which will produce in the mind of the trier of facts a firm belief or conviction as to the facts sought to be established.' " *State ex rel. Cincinnati Enquirer v. Deters*, 2016-Ohio-8195, ¶ 19, quoting *Cross v. Ledford*, 161 Ohio St. 469, paragraph three of the syllabus (1954).

{¶ 10} We review the denial of leave to file a delayed motion for a new trial under an abuse of discretion standard. *Clyde* at ¶ 14. The term "abuse of discretion" implies that the court's attitude is unreasonable, arbitrary or unconscionable. *State v. Adams*, 62 Ohio St.2d 151, 157 (1980).

{¶ 11} In this case, the jury reached its verdict on April 15, 2021, and Pitts filed his motion for leave on February 14, 2024. Because more than 120 days elapsed after the jury verdict, Pitts was required to show, by clear and convincing evidence, that he was unavoidably prevented from discovering the evidence on which his motion is based.

{¶ 12} Pitts's newly discovered evidence consists of five "crime reports" from the Toledo Police Department. Each report describes an "accidental overdose" occurring at

5.

"[xxxx] Manhattan Blvd" in Toledo, which is identified as M.H.'s "home address." The reports are dated May 6, 2020, August 18, 2020, January 5, 2021, January 26, 2021 and April 23, 2021. According to Pitts, he was in the Ottawa County Jail when each of the five reports were generated, either awaiting trial (Report Nos. 1-4) or, having just been found guilty on April 15, 2021, awaiting his sentencing hearing (Report No. 5).

{¶ 13} As an initial matter, we find that, because the fifth report was created after Pitts's trial, it could not have been "produced at the trial" and therefore cannot be considered "newly discovered evidence" under Crim.R. 33(A)(6).

{¶ 14} As for the remaining reports, Pitts's claim—that he was unavoidably prevented from discovering them within 120 days of the jury verdict—appears to be two-fold. On the one hand, he claims that "the prosecution. . . maliciously suppressed" them, in violation of *Brady v. Maryland,* 373 U.S. 83 (1963). Elsewhere in his motion and appellate brief, Pitts argues that, although the reports "were available to many. . . they were unavailable to [him] because. . . [he was] incarcerated . . . and was at the mercy of the Court, and its licensed officials." We reject both claims.

{¶ 15} Generally, *Brady* imposes on the government "an obligation to turn over evidence that is both favorable to the defendant and material to guilt or punishment." *State v. Osie*, 2014-Ohio-2966, ¶ 154. "[A] defendant may satisfy the 'unavoidably prevented' requirement contained in Crim.R. 33(B) by establishing that *the prosecution* suppressed the evidence on which the defendant would rely in seeking a new trial." (Emphasis added.) *State v. McNeal*, 2022-Ohio-2703, ¶ 17, citing *State v. Bethel,* 2022-Ohio-783, ¶ 25, 59.

6.

{¶ 16} Here, there is no evidence that the Ottawa County prosecutor was even aware of these police reports—which are from a different administrative agency (Toledo Police Department) in a different jurisdiction (Lucas County). "*Brady* and its prodigy do not 'impos[e] a duty on the prosecutor's office to learn of information possessed by other government agencies that have no involvement in the investigation or prosecution at issue.'" *Goff v. Bagley*, 601 F.3d 445, 476 (6th Cir. 2010), citing *United States v. Morris*, 80 F.3d 1151, 1169 (7th Cir. 1996). Thus, the prosecutor did not have a duty to search for evidence in the possession of a police department outside Ottawa County that had no involvement in this case. *See, e.g., State v. Lacey*, 2012-Ohio-1697, ¶ 29 (7th Dist.) *Lacey* at ¶ 30 (Rejecting argument that prosecutor could have discovered a police report in a "neighboring" county with "very little investigation" where there was no indication that the prosecutor knew about the evidence or that the township police department was involved in the investigation or prosecution.).

{¶ 17} Finally, because the police reports are public records—and, therefore, publicly available—Pitts has not demonstrated that he was "unavoidably prevented" from discovering them. *See, e.g. State v. Hensley*, 2002-Ohio-3494, ¶ 12 (12th Dist.) (Finding no abuse of discretion in trial court's determination that police reports were not newly discovered evidence because "[t]he fact that appellant was unaware of the public records law is not an excuse for his failure to obtain the records. This information could have been obtained through due diligence.").

{¶ 18} Accordingly, we find that Pitts failed to demonstrate by clear and convincing proof that he was unavoidably prevented from discovering the new evidence.

7.

Therefore, we hold that the trial court did not abuse its discretion in denying Pitts's motion for leave.  Pitts's assignment of error is found not well-taken.

### III.  Conclusion

{¶ 19} For the foregoing reasons, we find that Pitts's assignment of error is not well-taken, and affirm the October 9, 2024 judgment of the Ottawa County Court of Common Pleas.  Pitts is ordered to pay the costs of this appeal pursuant to App.R. 24. Judgment affirmed.

Judgment affirmed.

A certified copy of this entry shall constitute the mandate pursuant to App.R. 27. *See also* 6th Dist.Loc.App.R. 4.

Thomas J. Osowik, J.

_____
JUDGE

Christine E. Mayle, J.

Gene A. Zmuda, J.
CONCUR.

_____
JUDGE

_____
JUDGE

This decision is subject to further editing by the Supreme Court of Ohio's Reporter of Decisions.  Parties interested in viewing the final reported version are advised to visit the Ohio Supreme Court's web site at: http://www.supremecourt.ohio.gov/ROD/docs/.